# IN THE COURT OF APPEALS OF IOWA

No. 13-1861
Filed November 13, 2014

**IN THE INTEREST OF L.R.N., S.V.S.-K, AND J.R.N.,**
**Minor Children,**

**R.N., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Woodbury County, Mary L. Timko, Associate Juvenile Judge.

A mother appeals the termination of her parental rights to three children. **AFFIRMED.**

Angela Kayl, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, Patrick Jennings, County Attorney, and Dewey P. Sloan, Assistant County Attorney, for appellee State.

Michelle Hynes of the Juvenile Law Center, Sioux City, attorney and guardian ad litem for minor children.

Considered by Vogel, P.J., and Vaitheswaran and Potterfield, JJ.

**VAITHESWARAN, J.**

A mother appeals the termination of her parental rights to three children, born in 2003, 2009, and 2011. She contends the Department of Human Services did not make reasonable efforts to reunify her with the children. *See* Iowa Code § 232.102(7), (10)(a) (2013).

"The reasonableness effort was conceived by Congress in part to ensure that prior to the expenditure of federal funds on foster care, reasonable efforts would be made to prevent out-of-home placement, and reasonable efforts would be made for unification following out-of-home placement." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). The reasonable efforts requirement serves a "critical role . . . from the very beginning of intervention," and is part of the State's "ultimate proof the child cannot be safely returned to the care of a parent." *Id.* At the same time, a parent must "object to services early in the process so appropriate changes can be made." *Id.* at 493-94. In this case, the mother challenges the district court's denial of her request for increased visitation with the children. On our de novo review, we find support for the court's ruling.

The department initiated services for the mother in 2010 based on the condition of her apartment. The mother made progress and services were eventually curtailed.

In 2012, the oldest child became the subject of a sex abuse investigation, which resulted in a founded report naming the mother's boyfriend as perpetrator. The oldest child was removed from the mother's custody and was placed in foster care. The mother again began receiving reunification services, including supervised visitation with the child.

In time, a similar allegation surfaced with respect to the youngest child. The department ultimately issued an unfounded report but, in the interim, the child was removed and placed in the same foster home as the oldest child. Throughout this period, the middle child was in his father's care, subject to visitation with the mother.

The mother continued to receive services through mid-2013. Supervised visits with the oldest child did not go well, with the child acting out during and after them. The department reduced the visits for all three children to one-hour sessions every other week.

The mother voiced her objection to this reduction and asked the department for an increase. When the department denied her request, the mother sought court intervention. Following an evidentiary hearing, the juvenile court also denied the request. The court relied in part on a psychological evaluation of the oldest child. The clinical psychologist who conducted the evaluation described instances of self-harm and distorted thinking. The psychologist discerned "sexual thoughts or feelings that are atypical, indicating that [the child] may have been prematurely sexualized or sexually traumatized." The psychologist also noted "a great deal of anger and/or aggression." Significantly, the oldest child told the psychologist it was not her mother she looked forward to seeing during supervised visits but her middle brother. The psychologist's report supports the juvenile court's decision to deny the mother's request for increased visits with the oldest child.

The record contains less evidence concerning the younger two children. The middle child attended visits with the other two children and shared a bond

with them but there is scant evidence of his relationship with the mother. The youngest child, who was just a toddler, showed some anxiety after visits but was otherwise described as delightful and cuddly.

The paucity of evidence supporting a reduction of the mother's visits with the younger two children gives us pause. However, the mother received extensive services, including visitation, over the span of two child-in-need-of-assistance proceedings and, despite her stated desire to reunify, did not make significant progress towards that goal. Under these circumstances, we conclude the department satisfied its reasonable efforts mandate notwithstanding the reduction of visits with the younger two children.

Having addressed the sole issue raised by the mother, we affirm the termination of her parental rights to the three children.

**AFFIRMED.**